UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAROL ROBERTS,                                                                                                   Plaintiff,

v.                                                                                           Civil Action No. 4:15-cv-41-DJH

JAMES WETHINGTON et al.,                                                                Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Carol Roberts, proceeding *pro se* and *in forma pauperis*, initiated this action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff's complaint against numerous Defendants is difficult to follow.[1] She alleges that Defendants engaged in fraud in two state-court cases, which she refers to as combined cases numbered 13-CI-00930 and 13-CI-00795. The complaint cites to 18 U.S.C. §§ 241 and 242 and other statutes contained in Title 18 of the U.S. Code. Much of the complaint and attachments thereto consist solely of unsupported legal assertions not tied to any facts. She also cites to a Kentucky statute involving harassing communications, as well as other state statutes, the Geneva convention, and 42 U.S.C. § 1983. As relief in the instant action, Plaintiff requests $100,000,000 for harassment.

Attachments to the complaint show that there was an action by JP Morgan Chase Bank against Plaintiff in state court, No. 13-CI-00930, which resulted in an auction being set of the

---

[1] Plaintiff names well over one hundred Defendants. They will not be listed fully herein, but include employees at JP Morgan Chase Bank, lawyers with the Wyatt Tarrant & Combs firm, Aquascape Pools and Spas, the Kentucky Attorney General, and Daviess Circuit Judge Joseph Castlen.

property listed as Plaintiff's address in this action, 3203 Ridgewood Street, Owensboro, KY, to satisfy judgment for $48,957.11.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]

---

[2] Numerous Defendants have filed motions to dismiss in this action despite there being no proper service on Defendants and despite Plaintiff having not paid the filing fee, thereby subjecting her complaint to screening pursuant to § 1915 and triggering the portion of Fed. R. Civ. P. 4 requiring that service be effected by "a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (citing 28

### A. Allegations under Title 18 of the U.S. Code

Title 18 of the U.S. Code contains provisions of the criminal code. As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under these statutes. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Simply put, Plaintiff as a private citizen may not enforce the federal criminal code. *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004); *Am. Postal Workers Union, Detroit v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973). Accordingly, Plaintiff lacks standing to maintain the current action insofar as it purports to be brought under these federal statutes, and the Court must dismiss these claims for failure to state a claim upon which relief may be granted. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (per curiam) (affirming district court's dismissal of a civil action brought under 18 U.S.C. §§ 241 and 242).

### B. Geneva Convention

The complaint also mentions the Geneva Convention, although only in a very generic way. In any event, the Geneva Convention codifies the law of war, *Kadic v. Karadzic*, 70 F.3d 232, 242 (2d Cir. 1995), and has no application to this case. Moreover, the Geneva Convention "does not create a private right of action for private individuals to enforce its terms." *Nattah v. Bush*, 770 F. Supp. 2d 193, 204 (D.D.C. 2011). Thus, any claims made by Plaintiff based on the Geneva Convention must be dismissed for failure to state a claim.

### C. Claims related to state-court action(s)

It appears that much, if not all, of what Plaintiff wishes to do in this case is to challenge the decision(s) of a Kentucky state court. As such, this case is barred by the *Rooker-Feldman* doctrine, under which federal courts lack jurisdiction to review a case litigated and decided in

---

U.S.C. § 1915). Because the initial screening of this complaint reveals that it must be dismissed under § 1915, the Court need not consider the motions to dismiss filed by various Defendants. Those motions will be denied as moot.

state court. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state-court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Where, as here, the issues raised in the complaint are inextricably intertwined with the state court action(s) such that Plaintiff is effectively asking this Court to invalidate state court judgment(s), the *Rooker-Feldman* doctrine is directly applicable. *McCroy v. New York Bank & Trust Co.*, No. 08-12701, 2008 WL 2714116, at *1 (E.D. Mich. July 07, 2008) (dismissing case as frivolous under § 1915(e) where *pro se* plaintiff sued bank after Plaintiff's property was foreclosed on in state-court proceeding because federal courts lack jurisdiction to review a case litigated and decided in state court); *see also Moore v. Deutsche Bank Nat'l*, No. 07-11114, 2007 WL 3053675, at *4-5 (E.D. Mich. Oct. 19, 2007) (finding that dismissal under § 1915(e)(2) warranted based on *Rooker-Feldman* abstention where plaintiff's property was sold as a result of a state-court foreclosure action). "The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Therefore, dismissal of Plaintiff's claims relating to the state-court cases as frivolous is warranted.

### D.  Section 1983

The complaint contains a heading entitled "42 U.S.C. 1983" but that section only contains allegations that Defendants have committed felonies. Elsewhere, the complaint mentions being denied due process in the course of the state proceedings. However, because the genesis of the instant action is dissatisfaction with state-court proceedings, even constitutional

claims related to the state-court proceedings are barred by the *Rooker-Feldman* doctrine. *McCroy*, 2008 WL 2714116, at *1 (*Rooker-Feldman* doctrine applies "even in the face of allegations that 'the state court's action was unconstitutional.'" (quoting *Feldman*, 460 U.S. at 486) (citing *Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996)). "Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court." *McCroy*, 2008 WL 2714116, at *1 (citing 28 U.S.C. § 1257 and *Feldman*, 460 U.S. at 476). Thus, the Court finds that, to the extent that Plaintiff alleges a claim under § 1983, it must be dismissed as frivolous.

### *E. State-law claims*

Plaintiff's complaint refers to Ky. Rev. Stat. § 525.080, which pertains to harassing communications, and to other Kentucky statutes. Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims.[3] *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court will, by separate Order, dismiss this action.

Date: June 9, 2015

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
　　Counsel of record
4415.009

---

[3] Diversity jurisdiction does not exist in this action because Plaintiff is a resident of Kentucky as are many, if not all, of Defendants. For diversity jurisdiction to exist, there must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in *Owen*)).